UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY ALLEN ROWE,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT, PENDLETON CORRECTIONAL FACILITY,<br><br>Respondent. | Cause No. 3:10-CV-387 JVB |

**OPINION AND ORDER**

Petitioner is serving six years' imprisonment at Pendleton Correctional Facility, and seeks a writ of habeas corpus under 28 U.S.C. § 2254 by challenging his 2006 robbery conviction in LaPorte Superior Court. The Court must dismiss the petition because the statute of limitations bars it. *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). And reasonable jurists would not debate the untimeliness of the petition, so the Court will decline to issue a certificate of appealability.

**A.     Background**

Petitioner pleaded guilty to robbery in LaPorte Superior Court, and on November 16, 2006, received an eight-year sentence, with the first two to be served on supervised probation, the balance in custody. (Ex. A to Return to Order to Show Cause, DE 12-1, at 6.) Because neither party has provided a basis in the record to conclude otherwise, the Court will assume Petitioner's plea agreement did not restrict his appellate rights. Either way, he did not attempt to appeal directly his conviction or sentence, but petitioned for post-conviction relief on March 30, 2007. (*Id.* at 7.) The Indiana Court of Appeals ultimately dismissed Rowe's appeal from the denial of

that petition on May 5, 2009. (Ex. C to Return to Order to Show Cause, DE 12-3, at 3.) The Indiana Supreme Court denied Petitioner's request for a transfer on September 24, 2009. (*Id.* at 4.) Almost a year later, on September 8, 2010, Rowe signed and delivered into the prison mailing system the habeas petition at issue in this Order. (DE 1 at 4.)

**B.** **Analysis**

A prospective habeas claim by a state prisoner must be filed within a year, plus tolling time, from the latest of four possible triggering dates. 28 U.S.C. § 2244(d)(1). Nothing the parties have argued puts any but one potential trigger at issue here: the date the judgment of conviction became final by the expiration of the time for seeking direct review. *See* § 2244(d)(1)(A) (expounding this particular trigger of the limitations period).

In this case, that date was no later than December 18, 2006. Here's why: Rule 19 of the Indiana Rules of Criminal Procedure provides that a "Notice of Appeal . . . must be filed within thirty (30) days after the date of sentencing . . . ." Rowe was sentenced on November 16, 2006. (DE 12-1 at 16.) Thirty days later, the date was December 16, a Saturday, so Rowe's notice of appeal was due by Monday, December 18, 2006. Because Petitioner did not file a notice of appeal by that deadline, his clock began ticking then.

The Court must next consider whether Rowe somehow managed to pause that one-year clock long enough that his September 8, 2010, petition made the cut. Tolling occurs while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

2

Rowe filed a state petition for post-conviction relief on March 30, 2007 (DE 12-1 at 7), which tolled the limitations period 102 days after it had begun, with 263 days remaining. The trial court denied that petition on September 5, 2008. (Ex. B to Return to Order to Show Cause, DE 12-2.) Rowe eventually filed a notice of appeal, but not until January 5, 2009 (DE l2-3 at 2), ninety-one days after the deadline of October 6, 2008.[1] Ind. R. App. P. 9.A.(1) (providing thirty days from the entry of a final judgment in the Chronological Case Summary). The Court of Appeals of Indiana ordered Rowe to show cause why the appeal should not be dismissed as untimely. When he failed to do so, the state appellate court dismissed it with prejudice on May 5, 2009. (DE 12-3 at 3.) The Indiana Supreme Court denied Petitioner's request for transfer on September 24, 2009. (*Id.* at 4.)

The statute of limitations resumed running when his opportunity to obtain review of the trial court's decision expired. 28 U.S.C. § 2244(d)(2) (tolling the limitations period only while "a properly filed application for State post-conviction or other collateral review . . . is pending"); *see Griffith v. Rednour,* 614 F.3d 328, 330 (7th Cir. 2010) ("[I]t is not sensible to say that the petition continues to be 'pending' after the time for further review has expired without action to continue the litigation." (quoting *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000))). As explained in the preceding paragraph, that had occurred by May 5, 2009. (Actually, it likely happened at the close of business on October 6, 2008.) But even counting from May 5, 2009, Rowe still would have had only until January 23, 2010, the date 263 days after May 5, 2009, to

---

[1] Thirty days after September 5, 2008, was October 5, a Sunday.

file the petition at issue in this Order.[2] Because Rowe filed the habeas petition at issue here on September 8, 2010, he failed to make the deadline, unless more tolling occurred.

Rowe contends it did, precipitated by his filing of a successive petition for post-conviction relief in the Indiana Court of Appeals on March 23, 2010. (Pet'r's Resp. in Opp'n to Resp't's Return to Order to Show Cause, DE 17, at 1.) But by then, the window was long closed, as just explained. Moreover, the Indiana Court of Appeals never authorized Rowe's successive petition for post-conviction relief, and an unauthorized successive petition for post-conviction relief cannot toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)." (citing *Pace*, 544 U.S. at 417)).

The upshot is, Rowe's habeas petition was late, even by a generous account of the limitations period. That conclusion obviates the need to address Respondent's alternative argument that Rowe procedurally defaulted on his claims by failing to present them properly to Indiana's appellate courts.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court also to consider whether to grant Rowe a certificate of appealability. To obtain a certificate of appealability, a

---

[2]Respondent argues in the alternative that even if Rowe's statute of limitation had been tolled from the date the trial court denied his petition for post-conviction relief on September 5, 2008, until the Indiana Supreme Court denied transfer on September 24, 2009, "the instant petition would still be untimely." (DE 14 at 7.) That's correct. Rowe had already consumed 102 days of the one-year limitations period when he filed his petition for post-conviction relief. Even if the clock did not resume running until September 24, 2009, it ran out by June 14, 2010, eighty-six days before Rowe filed his petition for writ of habeas corpus on September 8, 2010.

4

petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and citation omitted).

When, as in this case, a court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.*

Rowe failed to establish that jurists of reason could debate this procedural ruling or that he deserves encouragement to proceed further on the issues he has presented. *Id.* The Court therefore declines to issue Rowe a certificate of appealability.

**C.    Conclusion**

For the foregoing reasons, the Court **DISMISSES** this petition for writ of habeas corpus under 28 U.S.C. § 2244(d)(1)**, DENIES** Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.

SO ORDERED on February 17, 2012.

                                                  s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN
                                                  UNITED STATES DISTRICT JUDGE